## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0594

STATE OF LOUISIANA

VERSUS

DEONTRE POWE

Judgment Rendered: **NOV 0 3 2023**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 42440

Honorable Jason M. Verdigets, Judge Presiding

* * * * * * *

Ricky L. Babin
District Attorney
Donald D. Candell
Lindsey D. Manda
Leila Braswell
Assistant District Attorneys
Gonzales, Louisiana

Attorneys for Appellee
State of Louisiana

André Bélanger
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Deontre Powe

* * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**PENZATO, J.**

The defendant, Deontre Powe, was charged by grand jury indictment with one count of second degree murder (count I), a violation of La. R.S. 14:30.1; aggravated criminal damage to property (count II), a violation of La. R.S. 14:55; possession with intent to distribute a Schedule I controlled dangerous substance (marijuana) (count III), a violation of La. R.S. 40:966(A)(1); and illegal possession of stolen firearms (count IV), a violation of La. R.S. 14:69.1. In accordance with a plea agreement, the State amended the indictment on count I to manslaughter, a violation of La. R.S. 14:31, and the defendant pled guilty to the reduced charge. Additionally, the State entered a nolle prosequi on counts II, III, and IV. The court deferred sentencing pending the return of a pre-sentence investigation (PSI) and, in accordance with the plea agreement, stated the defendant's sentence would be no greater than fifteen years. Thereafter, the defendant was sentenced to fifteen years imprisonment at hard labor. In a combined assignment of error, the defendant contends that the trial court misstated the penalty range for manslaughter and imposed an excessive sentence, because it failed to articulate aggravating or mitigating factors to support its sentence, as required by La. C.Cr.P. art. 894.1. For the following reasons, we affirm the conviction and sentence.

## FACTS

Due to the defendant's guilty plea, the facts of this case were not fully developed in the record. However, the following factual basis for the charge was set forth at the *Boykin*[1] hearing and accepted by the defendant.

On or about April 20, 2020, deputies were dispatched to West Tenth Street at Orange Street in Donaldsonville, Louisiana, in reference to a homicide. The victim

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

had been shot in the left cheek. Video surveillance showed the defendant shooting at the victim, driving over his body, and dragging his body approximately 100 yards. Witnesses identified the defendant as the shooter and driver of the vehicle.

## DISCUSSION

In his sole assignment of error, the defendant contends the trial court's sentence was excessive notwithstanding an agreed-upon sentencing cap, because the trial court failed to articulate the aggravating and mitigating factors to support the sentence and articulated the wrong penalty range in its written and oral reasons for judgment.

As a general matter, sentences imposed in accordance with plea agreements are unreviewable. La. C.Cr.P. art. 881.2(A)(2) ("The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."); *State v. Kennon*, 2019-00998 (La. 9/9/20), 340 So.3d 881, 885. The defendant argues that because the trial court advised him that he had two years from the date his conviction became final to file for either post-conviction relief or an out-of-time appeal, his appellate right to review his sentence for excessiveness was preserved, relying on *State v. Thomas*, 51,364 (La. App. 2d Cir. 5/17/17), 223 So.3d 125, writ denied, 2017-1049 (La. 3/9/18), 238 So.3d 450.

We need not address the defendant's argument that the trial court's statements were sufficient to preserve his right to appellate review of his sentence. A thorough review of the record in this case indicates that the defendant herein, unlike the defendant in *Thomas*, did not orally move for reconsideration of his sentence at the time of sentencing, nor did he subsequently file a written motion to

3

reconsider the sentence.[2] Under La. C.Cr.P. art. 881.1(E), the failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider may be based, shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See *State v. Smith*, 2022-0231 (La. App. 1st Cir. 11/4/22), 354 So.3d 697, 703. Accordingly, we find that review of defendant's sole assignment of error is procedurally barred.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[2] We also note that the opinions of other circuit courts are not authoritative or binding on this court. *Derbonne v. State Police Commission*, 2019-1455 (La. App. 1st Cir. 10/14/20), 314 So.3d 861, 871, writ denied, 2020-01323 (La. 2/17/21), 310 So.3d 1152.

4